UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID MARK DONAGHY,

      Plaintiff,                      CIVIL ACTION NO. 11-15581

      v.                               DISTRICT JUDGE BERNARD FRIEDMAN

COMMISSIONER OF               MAGISTRATE JUDGE MARK A. RANDON
SOCIAL SECURITY,

      Defendant.
_____/

**REPORT AND RECOMMENDATION
ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

On December 21, 2011, Plaintiff David Mark Donaghy ("Plaintiff") filed suit seeking judicial review of the Commissioner's decision to deny him social security benefits (Dkt. No. 1). Judge Bernard Friedman referred the case to this Magistrate Judge for a report and recommendation (Dkt. No. 2). Cross motions for summary judgment are pending (Dkt. Nos. 10, 11). Plaintiff also filed a response brief (Dkt. No. 12).

Plaintiff seeks a remand based on a single challenge: the Administrative Law Judge ("ALJ") failed to administer an oath to Plaintiff or the vocational expert ("VE") during the hearing.[1] Because Plaintiff's attorney did not object during the hearing to the unsworn testimony, any error was harmless, and this Magistrate Judge **RECOMMENDS** that Plaintiff's

---

[1] Any other objections to the ALJ's decision have been waived, as Plaintiff did not raise them in his motion for summary judgment. *See Brainard v. Sec'y of Health and Human Serv's.*, 889 F.2d 679, 681 (6th Cir. 1989).

motion for summary judgment be **DENIED**, Defendant's motion for summary judgment be **GRANTED**, and the findings and conclusions of the Commissioner be **AFFIRMED**.

## I. BACKGROUND

The salient facts are undisputed. On April 26, 2011, ALJ Frederick Michaud conducted an administrative hearing to determine Plaintiff's eligibility for social security benefits. Plaintiff appeared with counsel, Edward Gallagher, Esq.[2], and testified (Tr. 36-48); the ALJ also received testimony from VE, Jacqueline Shobecker (Tr. 45-47). There is no evidence that an oath or affirmation was administered to either Plaintiff or the VE. Nor did the ALJ excuse the oath or affirmation requirement.[3] Attorney Gallagher did not object during the hearing to the ALJ's failure to swear in the witnesses.

In a decision dated August 12, 2011, the ALJ determined that Plaintiff was not disabled, because he could perform a reduced range of light work (Tr. 50-63). This became the Agency's final decision when the Appeals Council denied Plaintiff's request for review (Tr. 1-6). Plaintiff then filed this suit for judicial review. Plaintiff's suit does not challenge the veracity or substance of the VE's testimony. Instead, he argues that testimony offered by a witness "is not evidence unless presented under oath as required by 20 C.F.R. § 404.950(e)"[4] (Dkt. No. 12; Pl.'s Reply Brief, p. 1). This argument is not persuasive.

---

[2] Attorney Gallagher continues to represent Plaintiff in this case.

[3] *See* note 4.

[4] 20 C.F.R. § 404.950(e) requires all witnesses to "testify under oath or affirmation, unless the administrative law judge finds an important reason to excuse them from taking an oath or affirmation."

## II.  DISCUSSION

### A.     *Standard of Review*

This Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  Judicial review under this statute is limited such that the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal quotation marks omitted); *see also Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted) (explaining that if the Commissioner's decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently and even if substantial evidence also supports the opposite conclusion."); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes . . . a zone of choice within which the decisionmakers can go either way, without interference by the courts" (internal quotation marks omitted)).

## III.  ANALYSIS

In the context of social security proceedings, there is a dearth of case law on the consequences of an ALJ's failure to administer an oath or affirmation to a witness.  Plaintiff cites not a single case; the Commissioner cites one – *Locke v. Astrue*, No. H-09-1178, 2010 WL

-3-

2521394 (S.D. Texas, June 22, 2010) (unpublished).  *Locke* is not directly on point or particularly helpful.  However, by way of analogy, with respect to Federal Rule of Evidence 603[5], the issue is well settled:

> [T]he swearing of a witness is waived by failure to raise the point during the witness's testimony, thus denying the trial court an opportunity to correct what has been characterized as an 'irregularity.'  The rationale of this principle was declared a century and a half ago in the oft-cited case of *Cady v. Norton*, 14 Pick. 236, 237 (Mass. 1833).  The court in that case stated two justifications for the rule: First, the defect or failure could have been corrected if a timely objection had been made; second, in the absence of a waiver rule counsel might deliberately avoid objecting to a witness being unsworn in order to have a ground of appeal.

*U.S. v. Odom*, 736 F.2d 104, 114-15 (4th Cir. 1984). *See also Wilcoxon v. United States*, 231 F.2d 384, 386–87 (10th Cir. 1956), cert. denied, 351 U.S. 943 (1956) (district court did not err in refusing to grant a new trial where the oath was not interpreted in Spanish to two government witnesses that did not speak English without objection); *United States v. Perez*, 651 F.2d 268, 273 (5th Cir.1981) ("It has long been the general rule that even a failure to swear a witness may be waived. This may occur either by knowing silence and an attempt to raise objection after verdict or by the mere failure of counsel to notice the omission before completion of the trial.")

In the specific context of failing to swear in a witness during Social Security administrative proceedings, the case of *Ankney v. Astrue*, No. C08-0666-TSZ, 2009 WL 279026 (W.D. Wash., Feb. 4, 2009) is instructive.  There, the plaintiff contended that the ALJ's step four finding was unsupported by the evidence and contrary to the law because the VE was not properly sworn pursuant to 20 C.F.R. § 404.950(e).  *Id.* at *13.  The court, however, found that any error related to failing to swear in the VE was harmless, and was not a basis for a remand.

---

[5] Rule 603 states, in its entirety: "Before testifying, a witness must give an oath or affirmation to testify truthfully.  It must be in a form designed to impress that duty on the witness's conscience."

As recognized in *Ankney*, "in disability hearings, 'strict rules of evidence, applicable in the courtroom, are not to operate so as to bar the admission of evidence otherwise pertinent,' and the emphasis is upon the informal rather than the formal so long as the proceedings are fundamentally fair." *Id.* at *13 (quoting *Richardson v. Perales*, 402 U.S. 389, 400 (1971)). As in *Ankney*, the ALJ offered Plaintiff's counsel ample opportunity to cross-examine the VE, but counsel declined (Tr. 47).[6] Although *Ankney* is not binding authority, this Magistrate Judge finds its reasoning persuasive. The bottom line is that Plaintiff's counsel – the same attorney now representing Plaintiff on appeal – did not object to the ALJ's failure to swear in witnesses during the hearing, nor did Plaintiff's counsel cross-examine the VE. Therefore, any objection Plaintiff had to the ALJ's failure to swear in witnesses has been waived, any error was harmless, and this Magistrate Judge finds no basis for a remand.

## IV.  CONCLUSION

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's motion for summary judgment be **DENIED**, that Defendant's motion for summary judgment be **GRANTED** and that the findings and conclusions of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of

---

[6] That particular colloquy reads as follows:

ALJ: All right. Mr. Gallagher, would you like to ask any further questions of Ms. Shobecker (PHONETIC) [*i.e.*, the VE]?

ATTY: No, Your Honor

(Tr. 47)

appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596 (6th Cir. 2006); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *See McClanahan v. Comm'r Soc. Sec.*, 474 F.3d 830 (6th Cir. 2006) (internal quotation marks omitted); *Frontier*, 454 F.3d at 596-97. Objections are to be filed through the Case Management/Electronic Case Filing (CM/ECF) system or, if an appropriate exception applies, through the Clerk's Office. *See* E.D. Mich. LR 5.1. A copy of any objections is to be served upon this Magistrate Judge but this does not constitute filing. *See* E.D. Mich. LR 72.1(d)(2). Once an objection is filed, a response is due within fourteen (14) days of service, and a reply brief may be filed within seven (7) days of service of the response. *See* E.D. Mich. LR 72.1(d)(3), (4).

        s/Mark A. Randon  
        Mark A. Randon  
        United States Magistrate Judge

Dated: December 14, 2012

## Certificate of Service

I hereby certify that a copy of the foregoing document was mailed to the parties of record on this date, December 14, 2012, by electronic and/or ordinary mail.

        *s/Melody Miles*  
        *Case Manager*